ABRAHAM D. VAN WYCK, JOHN C. SHEAR and CORNE-
LIUS P. LUYSTER, administrators of JOHN CORNELL
deceased, appellants,

v.

JAMES ALLEY and others, administrators of JAMES COR-
NELL deceased, respondents.

When a decree of a surrogate is reversed by this court for particular errors, and a
just cause of action nevertheless appears, this court will retain the cause, and
proceed as may be requisite to attain the justice of the case.

1825.
25th August.

*Appeal from
surrogates.*

JOHN CORNELL being possessed of a large personal pro-
perty, died intestate : and the appellants in this cause, were
appointed administrators of his estate.   James Cornell one
of his sons, instituted a suit against those administrators, for
the recovery of a  distributive share of his father's property,
before the surrogate of Dutchess.   The surrogate proceeded
in the cause ;  heard the parties ; stated accounts of the ad-
ministration of each of the administrators ; and finally, made
a decree, by which he adjudged, that they should pay to
James Cornell, one  thousand and eleven  dollars and ninety
five cents.   From this decree, the administrators appealed to
the court of probates, before that court was abolished : and
while the appeal was there depending, the statute of the twen-
ty first day  of March 1823, transferred to  this court, all
causes belonging to the court of probates.   James Cornell
having died intestate, his  administrators were substituted as
parties to the suit, in his place.   The cause was now heard
at large, in this  court, upon various questions, arising on
the surrogate's return ; and was argued by Mr. CLEVELAND
and Mr. TALLMADGE for the appellants, and Mr. OAKLEY
for the respondents.

The COURT determined, that the proceedings and decree
of the surrogate, were erroneous, in certain particular respects ;
but as  the principles which were applied to this case by the
court, are fully  established and are found in many reported
cases, it is deemed unnecessary to repeat them, here.   The
decree of the  surrogate was  reversed : and the counsel for
the appellants then urged, that this court ought now to ter-

minate the cause by the mere reversal ; and leave the respondents to institute a new suit. The counsel for the respondents insisted, that this court should now proceed in the cause; and correcting the errors of the surrogate, should give the respondents the redress, to which they were entitled.

The COURT recapitulated the reasons for reversing the decree ; and proceeded. All these errors are consistent with a good cause of action against the appellants, or some of them. From the return it is evident, that the claim of James Cornell against Van Wyck and Luyster, is just ; and his claim against Shear, is equally just, if a certain release is not valid. But the surrogate by irregular and erroneous proceedings has charged these administrators with a sum apparently greater than the just balance due from them ; he has charged them jointly, when they are responsible severally, for their separate acts ; and he has excluded a release offered by one of them, which if established, would exonerate him. A just cause of action, to some extent not yet ascertained, here clearly exists. The return itself, affords means of correcting some of the errors of the surrogate ; and the other errors may be corrected by a farther investigation of facts. The proceedings of the surrogate though erroneous in certain particulars, are in many respects, regular and sufficient: and his return and the principles now applied to it by this court, form a convenient basis, for all the farther proceedings which are necessary to attain the final justice of this case. Whether this court has or has not power to remit the cause to the surrogate, for farther proceedings, this court certainly may retain the cause and proceed to a definitive decree upon all its merits. In such cases, the courts of appeal which proceed according to the course of the Roman law, retain the cause and reform the sentence of the inferior judge. Clerke's Praxis, tit. 59. 2 Browne's Civil and Admiralty Law, 439. By the statute, this court is authorized to proceed as right and justice shall require : and justice here requires, that this court rectifying the errors of the surrogate, shall proceed to do what he should have done, and to make such a final decree as he ought to have made. It can not be fit, to dismiss these parties, merely in order that a new suit may be commenced : and a substan-

1825.

Van Wyck
v.
Alley.

tial correction of these errors of the surrogate, must consist, not only in the reversal of his decree, but also in giving the redress which would have been given, if no error had intervened in his proceedings in this suit.

The following decree was entered.

This cause having been heard before the chancellor; having been argued by Mr. TALLMADGE and Mr. CLEVELAND of counsel for the appellants, and Mr. OAKLEY of counsel for the respondents; and having been duly considered; it is adjudged and decreed, that the decree of the surrogate of Dutchess county made in this cause, be, and that decree is hereby reversed : and it is ordered, that this cause be referred to Leonard Maison, one of the masters of this court, residing in Dutchess county; that the master take and state an account between the parties in this cause, concerning the administration of the estate of John Cornell deceased, and concerning the distributive share thereof, claimed by James Cornell deceased; that the master take and state such account upon the return made to this court, of the proceedings before the surrogate, upon the proofs and admissions which appear therein, and upon such farther evidence, as the parties or either of them, may give; that the master inquire into the validity of a certain release, alleged to have been given by James Cornell to John C. Shear, which release was offered before the surrogate ; that the master report his opinion concerning that release; and that he also report the testimony which shall be taken by him, concerning that release, if he shall be desired to do so, by either of the parties ; that the master state a separate account against each of the administrators of John Cornell, in which he shall allow to each administrator, the legal and just expenses incurred in such administration, and lawful commissions to each of them ; that the master charge each administrator with the distributive share of every person entitled to a share of the fund in the hands of such administrator ; and that he state and report the amount due to the respondents, as the distributive share of James Cornell deceased, and the parts or sums thereof, which may be due from the appellants respectively.